# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-428V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | Chief Special Master Corcoran |
| GAYLE DILLENBECK, | \* | |
| | \* | |
| Petitioner, | \* | Filed: January 25, 2021 |
| | \* | |
| v. | \* | |
| | \* | Attorney's Fees and Costs; |
| SECRETARY OF HEALTH | \* | Final Award; Petitioner's Costs. |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Leah Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Debra Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On March 27, 2017, Gayle Dillenbeck filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of her October 30, 2015 receipt of the influenza vaccine. On October 20, 2017, Respondent filed a Rule 4(c) Report stating that Petitioner was entitled to compensation, and after the parties were unable to resolve all damages components on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

their own, I held a fact hearing and subsequently issued a Decision Awarding Damages, including pain and suffering, past lost wages, and past unreimbursed expenses. ECF No. 51.

The parties then filed cross-motions for review of my Decision, which resulted in a partial remand while affirming other elements of my damages determination. ECF No. 63. Ultimately, the parties agreed in a stipulation that the sole issue on remand (calculation of past lost wages) could be settled, and I issued a second decision awarding Petitioner compensation. Decision, filed May 5, 2020 (ECF No. 72). That Decision was not appealed, thus ending the matter.

Petitioner has now filed a motion for a final award of attorney's fees and costs for all work performed on the matter since its inception. Motion, filed Jan. 4, 2021 (ECF No. 78) ("Fees App."). Petitioner requests a final award of $181,643.75—$174,673.20 in attorney's fees, plus $6,970.55 in costs—for the work of two attorneys (Ms. Leah Durant and Mr. Michael Milmoe) as well as the supportive work of two paralegals. Fees App. at 1; Fees Invoice, filed on Jan. 4, 2021 (ECF No. 78-1). The costs requested include costs for medical record retrieval, experts, court filings, and travel expenses related to the entitlement hearing. Costs Invoice, filed on Jan. 4, 2021 (ECF No. 78-2). Petitioner also requests $730.50 for costs she personally incurred. Fees App. at 2; Costs Invoice at 23–26. These costs include travel expenses related to the damages hearing. Costs Invoice at 23–26.

Respondent reacted to the fees request on January 21, 2021. *See* Response, dated Jan. 21, 2021 (ECF No. 79). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons below, I hereby **GRANT** Petitioner's motion in its entirety, awarding fees and costs in the total amount of **$181,643.75**, in addition to **$730.50** for costs personally incurred by Petitioner.

## ANALYSIS

### I.        Reasonable Attorney's Fees

Under the Vaccine Act, successful petitioners like Ms. Dillenbeck are entitled to an award of reasonable attorney's fees and costs. Section 15(e)(1). Thus, the only question posed herein is the calculation of the award to be made.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|
| **Ms. Durant (Attorney)** | $350.00 | $365.00 | $377.00 | $380.00 | $395.00 |
| **Mr. Milmoe (Attorney)** | - | - | $455.00 | $464.00 | $484.00 |
| **A.R. (Paralegal)** | $140.00 | $145.00 | $150.00 | $150.00 | $160.00 |
| **A.M. (Paralegal)** | - | - | $150.00 | $150.00 | - |

Ms. Durant and Mr. Milmoe, both of whom practice in Washington, D.C., are entitled to the in-forum rates established in *McCulloch*. The rates requested for Ms. Durant and her associates (as well as the paralegal work performed in this case) are also consistent with what they have previously been awarded in accordance with the Office of Special Masters' fee schedule. *See, e.g.*, *Stanford v. Sec'y of Health & Hum. Servs.*, No. 17-2005V, 2020 WL 5031967 (Fed. Cl. Spec. Mstr. July 24, 2020). I find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and therefore award fees for all work performed on the case as requested in the fees application.

## II.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at

*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $6,970.55 in costs, including the expenses of medical record retrieval, travel expenses, and filing fees. *See* Fees App. at 1; Costs Invoice at 1–22. Such expenses are typically incurred in the Vaccine Program, and I do not find any of the requested costs in this matter unreasonable. Thus, they shall be awarded in full without reduction.

### III.    Petitioner's Personal Costs

Petitioner submitted a statement in compliance with General Order No. 9 stating that she personally incurred costs related to attending the damages hearing in the amount of $730.50. Fees App. at 2; Costs Invoice at 23–26. Such costs are typical, and the specific amount requested is reasonable. Thus, I award the amount in full without reduction.

### CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$181,643.75**, reflecting $174,673.20 in attorney's fees and $6,970.55 in costs, in the form of a check made jointly payable to Petitioner and her attorney, Ms. Leah Durant. Additionally, I award a total of **$730.50**, representing costs personally incurred by Petitioner, in the form of a check payable to Petitioner and Petitioner's counsel.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.